IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

EVA MARIE HAWKINS,

    PLAINTIFF,

VS.                                                                          CV NO.:

UCG ALABAMA, LLC D/B/A
UNIVERSAL CRYO GAS, LLC. &
NUCOR STEEL TUSCALOOSA,

    DEFENDANT.                              JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff, Eva Marie Hawkins, (hereinafter "Plaintiff") is a resident of Tuscaloosa, Tuscaloosa County, Alabama, and performed work for the Defendants in the counties composing the Northern District of Alabama during the events of this case. Defendant misclassified Plaintiff as independent contractor and Plaintiff was

in fact an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Division.

3. Defendant UCG Alabama, LLC d/b/a Universal Cryo Gas, LLC ("UCG Alabama") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant UCG Alabama, LLC.

4. Defendant Nucor Steel Tuscaloosa ("Nucor Steel") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant Nucor Steel Tuscaloosa is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant Nucor Steel Tuscaloosa.

### III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6. In late August 2021, UCG Alabama hired Plaintiff as a plant operator.

7. UCG Alabama informed Plaintiff that it would classify her as an independent contractor until she had completed a separate interview process.

8. UCG Alabama informed Plaintiff that this separate interview process would take approximately one week.

9. UCG Alabama is a wholly owned subsidiary of Nucor Steel.

10. UCG Alabama informed Plaintiff that once she completed this separate interview process, it would make her a permanent employee of Nucor Steel.

11. Nucor Steel provides its employees with overtime pay, paid time off, insurance, a retirement program and access to its Human Resources Department.

12. Despite not having the benefits detailed above, Plaintiff performed all duties and responsibilities of a permanent employee.

13. Defendants employed Wade O'Shields as Plant Manager.

14. Defendants employed O'Shields as Plaintiff's direct supervisor.

15. Defendants employed Hal James as Area Plant Manager.

16. Defendants employed James as O'Shields' immediate supervisor.

17. UCG Alabama controlled the means and manner in which Plaintiff performed work.

18. UCG Alabama notified Plaintiff of when to report to work.

19. Plaintiff could not access the premises without UCG Alabama's approval.

20. UCG Alabama expected Plaintiff, at all times, to be available and on-call to come to work.

21. UCG Alabama established a pay structure for Plaintiff.

22. UCG Alabama paid Plaintiff $25.00 for every hour of labor performed.

23. UCG Alabama paid Plaintiff through direct deposit.

24. UCG Alabama paid Plaintiff on a bi-monthly basis.

25. UCG Alabama provided Plaintiff with all tools and equipment necessary to perform the labor she provided for Defendants' benefit.

26. Plaintiff provided Nucor Steel with an application, by and through O'Shields.

27. Plaintiff has no prior experience as a plant operator.

28. Plaintiff has no prior experience as a mechanic.

29. Plaintiff did not obtain her employment with UCG Alabama through a union or similar trade organization.

30. Throughout Plaintiff's employment, UCG Alabama classified Plaintiff as a 1099 vendor.

31. At all times during the employment relationship, UCG Alabama did not pay Plaintiff an overtime premium for hours worked in excess of forty.

32. O'Shields submitted the number of hours that Plaintiff worked each pay period UCG Alabama.

33. UCG Alabama did not maintain a detailed record of the hours that Plaintiff worked each and every work week.

34. UCG Alabama did not inform Plaintiff of a what day the work week began.[1]

35. For the week beginning on August 29, 2021, Plaintiff performed fourteen hours of labor.

36. For the week beginning on September 5, 2021, Plaintiff performed seventy-two hours of labor.

37. For the week beginning on September 12, 2021, Plaintiff performed thirty-three hours of labor.

38. For the week beginning on September 19, 2021, Plaintiff performed nine hours of labor.

39. For the week beginning on September 26, 2021, Plaintiff performed nine hours of labor.

40. For the week beginning on October 3, 2021, Plaintiff performed six hours of labor.

41. For the week beginning on October 10, 2021, Plaintiff performed seventeen hours of labor.

---

[1] For the purposes of this Complaint, with no known work week start date, all weeks have been calculated by beginning on Sunday. The overtime hours estimated herein are subject to change based on the established workweek period Defendants utilize for its employees.

42. For the week beginning on October 17, 2021, Plaintiff performed twenty-one hours of labor.

43. For the week beginning on October 24, 2021, Plaintiff performed eleven hours of labor.

44. For the week beginning on October 31, 2021, Plaintiff performed forty-three hours of labor.

45. For the week beginning on November 7, 2021, Plaintiff performed thirty-three hours of labor.

46. For the week beginning on November 14, 2021, Plaintiff performed twenty-seven hours of labor.

47. For the week beginning on November 21, 2021, Plaintiff performed thirteen hours of labor.

48. For the week beginning on November 28, 2021, Plaintiff performed twenty-four hours of labor.

49. For the week beginning on December 5, 2021, Plaintiff performed seventy-eight hours of labor.

50. UCG Alabama terminated Plaintiff's employment on December 12, 2021.

## IV.   COUNT ONE – FLSA – Overtime Violations

51.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-50 above.

52.   During the three years preceding the filing of this Complaint, UCG Alabama is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

53.   During the three years preceding the filing of this Complaint, UCG Alabama has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

54.   UCG Alabama's gross annual volume of revenue for 2021 exceeded $500,000.

55.   At all times relevant to this action, UCG Alabama was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

56.   Plaintiff was an employee of UCG Alabama as defined by 29 U.S.C. § 203(e)(1).

57.   UCG Alabama, LLC is a wholly owned subsidiary of Nucor Steel.

58.   UCG Alabama, LLC informed Plaintiff that once she completed a separate interview process, she would become a permanent employee of Nucor Steel.

59.     Defendant misclassified Plaintiff as independent contractor and Plaintiff was in fact an employee within the contemplation of 29 U.S.C. § 203(e)(1).

60.     During the three years preceding the filing of this Complaint, UCG Alabama recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

61.     Defendant failed to pay Plaintiff the statutorily mandated overtime premium for all hours worked in excess of forty in a work week.

62.     As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.     This Court award Plaintiff the amount of her unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C.     That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.     For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Whitney Morgan

ALLEN D. ARNOLD, LLC
6 Office Park Circle, Ste. 209
Mountain Brook, AL 35223
Telephone: 205-252-1550
Facsimile: 205-469-7162
ada@allenarnoldlaw.com
whitney@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
Universal Cryo Gas, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104


Nucor Steel Tuscaloosa, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104
C T CORPORATION SYSTEM
2 NORTH JACKSON STREET, SUITE 605
Montgomery, AL 36104